UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEFFERY HUTCHERSON                                                                                           PLAINTIFF

VS.                                                                   CASE NO.: 1:23-cv-00311-TBM-RPM

ALFA MUTUAL
INSURANCE COMPANY                                                                                            DEFENDANT

**AMENDED COMPLAINT**
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Jeffrey Hutcherson, Plaintiff in the above entitled and numbered cause, complaining of and against Alfa Mutual Insurance Company, Defendant herein, and for cause of action would respectfully show unto the Court as follows:

**I. DISCOVERY CONTROL PLAN**

**1.**

Discovery is intended to be conducted pursuant to Fed. R. Civ. P. 26.

**II. PARTIES**

**2.**

Plaintiff **JEFFREY HUTCHERSON** is an adult resident of the County of George, in the State of Mississippi.

**3.**

Defendant **ALFA MUTUAL INSURANCE COMPANY** is an insurer domiciled in the State of Mississippi who is authorized to do and is doing business in the State of Mississippi, which may be served through its Registered Agent for Service of Process, Sharon Thibodeaux,

645 Lakeland East Drive Suite 101, Flowood, MS 39232.

### III. VENUE AND JURISDICTION

4.

This action was originally filed in the Circuit Court of Pearl River County, Mississippi. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division of the original action.

### IV. PROCEDURAL HISTORY

5.

This action was originally filed in the Circuit Court of Pearl River County, Mississippi and was assigned Case number 23-cv-154 PH. The Defendant removed the action to the United States District Court Southern District of Mississippi Southern Division on October 10th, 2023, and a new case number was assigned, 1:23-cv-262 TBM-RPM. The original pleading contained multiple plaintiffs with individual claims, and the Defendant requested severance of the plaintiffs' claims. An Order for Severance was granted on November 7th, 2023. This action was then assigned the current Cause number in this matter, 1:23-cv-00311-TBM-RPM

### V. RELEVANT FACTS

6.

At all relevant times, Plaintiff Jeffrey Hutcherson owned the property located at 128 Mill Street Extension, Lucedale, MS 39452 (the "Mill Street Property").

7.

At all relevant times, Alfa Mutual Insurance Company provided a policy of insurance, number H1402843 (the "Mill Street Policy"), to Plaintiff Jeffrey Hutcherson which covered the Mill Street Property against perils including wind and provided the following coverages:

$145,000.00 for Dwelling; $14,500.00 for Other Structures; $108,800.00 for Personal Property; and $43,500.00 for Loss of Use, *inter alia*.

8.

On or around October 24, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi and extending to the Mill Street Property in George County, Mississippi

9.

As a result of the storm, the Mill Street Property sustained significant damage, specifically involving, but not limited to, damage to the roof and siding as well as interior damage caused by water intrusion due to the external damages.

10.

Plaintiff Jeffrey Hutcherson promptly reported the loss to Alfa Mutual Insurance Company, who assigned it claim number H0000385475 (the "Mill Street Claim").

11.

Plaintiff Hutcherson does not have a copy of the estimate performed by Defendant for the Mill Street Property. The information related to the Defendant's estimate of the Mill Street Property and the estimate itself will be requested through discovery.

12.

The inspection of the property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

13.

Upon realizing that Defendant would not adjust their claims fairly or accurately, the Plaintiff retained independent adjuster Exact Building Consultants, Inc. to inspect their property

and value their damages.

## 14.

Exact Building Consultants, Inc. inspected the Mill Street Property on or about March 16, 2022 and documented $59,143.09 in damages to the Dwelling.

## 15.

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

## 16.

No further payments have been made.

## 17.

Defendant has filed and refused to evaluate the information and surrounding facts regarding the Plaintiff's covered claim, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

## 18.

Defendant has persisted in refusing to pay the full amount due on the Plaintiff's claims. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the policies.

## 19.

Defendant's failure to comply with the terms of its own policies caused and continues to cause significant delay to repair of the properties.

## 20.

At all relevant times, the Plaintiff complied with their obligations pursuant to the insurance agreement, including payment of all premiums due under the policies, giving prompt

notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**21.**

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to the Plaintiff after having received satisfactory proof of loss.

**22.**

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to the Plaintiff the terms and conditions of the policies.

**23.**

Upon information and belief, Defendant conducted the investigation and claims handling for the Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

**24.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**25.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**26.**

Plaintiff have incurred or will incur additional expenses in repairing the properties as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**27.**

As a result of Alfa Mutual Insurance Company's failure to timely and adequately

compensate the Plaintiff for their covered loss, they were forced to incur the expense of retaining counsel and other expenses to prosecute their claims.

28.

At and during the time of the acts and / or omissions complained of herein, any acts and / or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to the Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## VI. CAUSES OF ACTION

### A. BREACH OF CONTRACT

29.

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-27, above, as if restated herein.

30.

Defendant owes a duty to its policyholders to make prompt and proper payment for all claims, to make its policy limits available to insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

31.

The Plaintiff have suffered covered losses under the policies.

32.

Alfa Mutual Insurance Company breached its contractual duties and failed to provide reasonable and adequate insurance coverage to the Plaintiff by:

    a. Failing to timely tender adequate insurance proceeds after having

      received satisfactory proof of a covered loss;

b. Purposely and/ or negligently misrepresenting to the Plaintiff the terms and conditions of the policies;

c. Failing to conduct the claims handling for Plaintiff's claims in good faith and with fair dealing;

d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

e. Failing to include adequate overhead and profit in its estimates of damages.

### 33.

The Plaintiff have suffered and continue to suffer damages as a result of these breaches of the policies.

### B. BAD FAITH

### 34.

Plaintiff reallege and re-aver the allegations contained in Paragraphs 1-32, above, as if restated herein.

### 35.

Defendant, at all relevant times, owed a duty of good faith and fair dealing to the Plaintiff in the handling and administration of their property damage claims.

### 36.

The actions and / or inactions of Alfa Mutual Insurance Company in failing to timely and adequately compensate the Plaintiff for the covered losses under the policies were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making Alfa Mutual Insurance Company liable for bad faith

penalties.

37.

Defendant Alfa Mutual Insurance Company breached this duty by failing to provide payment for property damage in a reasonable manner.

38.

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

39.

Defendant either knew or should have known that the Plaintiff suffered property losses and should have made payments on the claim without unreasonable and avoidable delay.

40.

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by the Plaintiff, and but for the breach the harm suffered by the Plaintiff would have been avoided.

41.

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

### C. DAMAGES

42.

Plaintiff reallege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

43.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, the Plaintiff have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VII. JURY DEMAND

**44.**

The Plaintiff demand a trial by jury to resolve all fact issues in this case. The Plaintiff request that these matters be tried before a jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon final trial hereof, the Plaintiff recover from said Defendant, individually, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

                                                     Respectfully submitted,

                                                **(SIGNATURE NEXT PAGE)**

**WEBSTER VICKNAIR MACLEOD**

By: /s/ Jason C. Webster
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com
